LEONARD AND WIFE *v.* MASON, Adm'r. *et als.*

1. POWER OF ATTORNEY. *Party not allowed to deny. Estoppel. When.* A party signing power of attorney with another, whose name is signed by attorney, can not avoid his or her own act, by asserting want of power in the attorney to make the signature, while the principal himself makes no objection to the validity of the act.

2. HOMESTEAD. *Married women.* Land descended to husband from his father subject to debts due from the ancestor, created before adoption of Constitution of 1870. Husband, in 1872, gave power of attorney to sell for payment of such debts, in which wife did not join, and land sold.' *Held,* she could not assert homestead in said lands.

3. SAME. *Same.* Under act of 1869–70, Code, sec. 2486*a*, sec. 2 and 6, a mrrried woman abandoned by her husband, cannot avoid a sale made under power given by her because of failure of husband to join in said power.

FROM WASHINGTON.

Writ of error from the Chancery Court at Jonesboro. H. C. SMITH, Ch.

GRIFFITH and BLAIR for complainants.

McLIN, REEVE, DEADERICK and KIRKPATRICK for defendants.

FREEMAN, J., delivered the opinion of the court.

The main questions before us, so far as this record shows, arise on the cross-bill filed by part of the heirs of Joseph Leonard, deceased, against A. G. Mason, the administrator, and Beard the purchaser of the land of the said deceased Joseph, at sale made under a power of attorney executed by widow and heirs.

There is no appeal from the decree of the Chan-

cellor, only a writ of error prosecuted by R. C. Leonard, Francis J. Taylor and C. B. Leonard. R. C. Leonard is the wife of Joseph A. Leonard, a son of deceased, a complainant in the original bill. So far as she is concerned, her only claim is that she did not join in the power of attorney, and is, therefore, entitled to homestead. This question may be disposed of summarily by saying the sale was made to pay debts of the father of the husband, the debts created before our present Constitution, or passage of our laws now regulating the homestead right: In no aspect of the case could claim to homestead be asserted as against these debts.

A short summary of facts will present the only questions necessary to be decided on the cross-bill referred to.

Mason was appointed administrator of Joseph Leonard in 1863. He proceeded to sell the personal property, and, as far as we can see, in perfect good faith conducted the administration, making settlements from time to time with the County Court. In February, 1872, it was apparent to the parties that the homestead tract of land would have to be sold to pay balance of debts, although it would not probably take its entire proceeds to discharge these debts. The heirs and widow being all *sui juris*, joined in a power of attorney authorizing the administrator to make this sale, reciting as the consideration moving them to this act, the necessity of the sale, both to pay debts and for distribution, and that they were desirous of saving the costs of sale by a court. The administrator, in strict pursuance of this

power, did sell the land, and one Beard became the purchaser at the sum of $1,191. This sale is sought to be set aside on various grounds, some of which may be noticed.

It is said that the name of A. V. Leonard was signed to the power of attorney by virtue of authority given to another brother, which did not authorize the instrument thus signed. We need not decide how this is at present, as the said A. V. Leonard does not seek to avoid the act done, and as far as we can see acquiesces in it. Third parties can take no advantage of it, even if the power was not sufficient.

It is claimed that Francis J. Taylor was a married woman, and that her husband did not join in the execution of the power. She states, however, in her bill, that he had abandoned her, and the proof shows this to be true, and she acting as a *feme sole*.

By the act of 1869–70, Code, sec. 2486a, it is provided, a married waman over the age of twenty-one years, owning the fee or other legal or equitable interest or estate in real estate, shall have the same powers of disposition by will, deed, or otherwise, as are possessed by *femes sole* or unmarried women.

By sec. 2, of this act, she is required to be privily examined before a Chancellor, Circuit Judge of the State, or the clerk of a County Court. By the sixth section, this act, except the third section, (which refers to a separate estate settled on the *feme*) is limited to married women, among other cases, "whose husbands may fail or refuse to cohabit with them, or have abandoned such married women or *femes covert.*"

Leonard *v.* Mason.

These provisions seem to meet this case, and are conclusive against the objection taken. She had been abandoned by her husband. We need not go into the other questions sought to be made in the argument, based on general charges of fraud, with no facts specified constituting such fraud; or others charging generally that the administrator had improperly paid debts, no specifications being made as to any debts thus paid. His settlements are presented, regularly made, fair on their face, and no proof showing them to erroneous. All charges of fraud or misconduct on the part of Beard, the purchaser, are not only not proven, but disproven by him.

The result is, the Chancellor's decree dismissing the original and cross-bill is affirmed with costs of the court, against the complainants in writ of error.